**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUKHWINDER SINGH CHANDI, | No. 07-71154 |
| Petitioner, | |
| v. | Agency No. A097-118-052 |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009 [**]

Before:     GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

Sukhwinder Singh Chandi, a native and citizen of India, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

KAD/Research                    1

withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir. 2000), and we deny the petition for review.

Chandi testified the police detained him in 2000, as part of an investigation of a recent bomb explosion, and detained him again in 2001, as part of an investigation of a passenger in Chandi's taxi. Because his detentions related to legitimate investigations, substantial evidence supports the IJ's finding that Chandi failed to establish past persecution or a well-founded fear based on Chandi's actual or imputed political opinion. *See Dinu v. Ashcroft*, 372 F.3d 1041, 1043-44 (9th Cir. 2004). Accordingly, Chandi's asylum claim fails.

Because Chandi failed to demonstrate eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See id.* at 1045.

Substantial evidence supports the IJ's conclusion that Chandi did not establish it is more likely than not that he will be tortured if returned to India, and accordingly his CAT claim fails. *See Kohli v. Gonzales*, 473 F.3d 1061, 1071 (9th Cir. 2007).

**PETITION FOR REVIEW DENIED.**